UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MICHAEL P. LESSARD,<br><br>    Plaintiff,<br><br>    vs.<br><br>TRINITY PROTECTION SERVICES, INC., a Maryland Corporation, and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No: C 10-5891 SBA<br><br>**ORDER REMANDING ACTION**<br><br>Dkt. 14, 32 |

Plaintiff filed the instant wage and hour class action in Alameda County Superior Court alleging, inter alia, that Defendant Trinity Protection Services, Inc., violated various provisions of the California Labor Code. Defendant removed the action to this Court on the grounds that Plaintiff's state law causes of action are completely preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185; see Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 209-10 (1985); Stikes v. Chevron U.S.A., Inc., 914 F.2d 1265, 1268 (9th Cir. 1990). The parties are now before the Court is Plaintiffs' Motion to Remand and Request for Attorneys' Fees. Dkt. 14. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Plaintiff's motion to remand and DENIES his request for attorneys' fees and costs.[1]

The Court finds that Plaintiff's claims are not preempted by the LMRA. The rights which Plaintiff seeks to vindicate emanate from California law, and are independent from the collective bargaining agreement ("CBA"). See Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1061 (9th Cir. 2007). Nor do any of such claims require interpretation of the CBA.

---

[1] In light of the Court's decision to remand the action to state court, Defendant's motion to transfer venue under 28 U.S.C. § 1404(a), Dkt. 32, is DENIED as moot.

1 | See Allis-Chalmers, 471 U.S. at 209-10. Although the Court concludes that Plaintiff's
2 | claims are not completely preempted and that removal jurisdiction is absent, an award of
3 | fees and costs under 28 U.S.C. § 1447(c) is not warranted, as Defendant had an objectively
4 | reasonable basis for removal. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141
5 | (2005); Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 447 (9th Cir. 1992).
6 | Accordingly,

   IT IS HEREBY ORDERED THAT Plaintiff's motion to remand is GRANTED and his request for an award of fees and costs is DENIED. The instant action is REMANDED forthwith to the Alameda County Superior Court. In accordance with 28 U.S.C. § 1447(c), the Clerk of this Court shall mail a certified copy of this Order to the Clerk of the Superior Court. The Clerk shall close the file and terminate all pending matters.

   IT IS SO ORDERED.

Dated: September 9, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge